GERALDEAN CAGLE McDOWELL v. GLENN EXTON McDOWELL

No. 7219DC85

(Filed 23 February 1972)

Divorce and Alimony § 19— modification of award of temporary subsistence — failure to show changed circumstances

The trial court erred in modifying an award of temporary subsistence and child custody where movant failed to show a change in circumstances of the parties since the entry of the prior order. G.S. 15-16.9(a).

APPEAL by defendant from Hammond, District Judge, 10 September 1971 Session of RANDOLPH County District Court.

In this action instituted on 23 September 1970, plaintiff asks for temporary and permanent alimony, custody of the children of the parties, possession of the home and furnishings, possession of an automobile and counsel fees. On 2 March 1971, pursuant to proper notice and a hearing, District Judge Hammond entered an order granting plaintiff temporary subsistence for herself and her children, custody of the children with certain

McDowell v. McDowell

visitation rights in defendant, and counsel fees. On 20 August 1971, plaintiff filed motion referring to the order of 2 March 1971 but asking the court to enter an order giving her possession of certain specified items of household furniture, furnishings and appliances located in the residence formally occupied by the parties. Pursuant to notice, Judge Hammond conducted a hearing and on 10 September 1971 entered an order reaffirming many of the findings and conclusions set forth in his 2 March 1971 order and granting plaintiff possession of part of the items of furniture, furnishings and appliances requested.

Defendant appeals from the 10 September 1971 order.

*No counsel for plaintiff-appellee.*

*Ottway Burton, attorney for defendant-appellant.*

BRITT, Judge.

Defendant contends that the order appealed from was improper for the reason that plaintiff did not allege and show any change of conditions subsequent to the entry of the 2 March 1971 order. In her testimony at the second hearing, plaintiff testified that there had been no change in the conditions of the parties since the entry of the previous order and the trial judge made no finding of any change of conditions.

G.S. 50-16.9 (a) entitled "Modification of order" provides in pertinent part as follows: "An order of a court of this State for alimony or alimony pendente lite, whether contested or entered by consent, may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."

In *Elmore v. Elmore,* 4 N.C. App. 192, 166 S.E. 2d 506 (1969), this court said: "It is well established that a change in circumstances must be shown in order to modify an order relating to custody, support or alimony. G.S. 50-13.7; G.S. 50-16.9; *Kinross-Wright v. Kinross-Wright,* 248 N.C. 1, 102 S.E. 2d 469; *Rayfield v. Rayfield,* 242 N.C. 691, 89 S.E. 2d 399; *Barber v. Barber,* 216 N.C. 232, 4 S.E. 2d 447; 2 Lee, N.C. Family Law, § 153, pp. 227, 228."

Upon a motion for modification of an award of alimony and support pendente lite, the movant has the burden of showing a

change of circumstances. *Robinson v. Robinson,* 10 N.C. App. 463, 179 S.E. 2d 144 (1971). For failure of movant to show a change of circumstances in this case, the order appealed from was improper and is vacated.

Reversed.

Judges CAMPBELL and GRAHAM concur.