JEAN G. GILL v. ROBERT T. GILL

No. 7510DC807

(Filed 17 March 1976)

**Divorce and Alimony § 19— decrease in alimony — change of circumstances — insufficiency of evidence**

The trial court erred in reducing the amount of alimony to be paid by the defendant to plaintiff based on a change of circumstances, since neither party presented evidence as to the circumstances of the parties on which the original alimony award was based, and it therefore could not be determined if there had been a change in those circumstances.

APPEAL by plaintiff from *Barnette, Judge.* Order entered 25 June 1975 in District Court, WAKE County. Heard in the Court of Appeals 9 February 1976.

On 25 February 1970, a judgment by confession was entered directing the defendant to pay plaintiff alimony in the sum of $225 per month on or before the first day of each month. The judgment mandated that defendant's alimony payments continue until the remarriage of the plaintiff.

On 23 May 1975, both parties moved for a change in the amount of alimony. At the hearing on the motion, plaintiff's evidence tended to show that the defendant made his alimony payments until April 1973 when he stopped payments. In August 1973 the defendant was adjudged to be in contempt of court for failing to make his alimony payments, and the court ordered him to pay the plaintiff $1,125 in back alimony.

Since the parties separated, the plaintiff sold the family home in Raleigh and moved into an apartment in Alexandria, Virginia. The plaintiff's monthly income is $825 and her "take-home" pay is $656.86 per month. Plaintiff testified that her monthly expenses were $876 per month.

Defendant testified that he had remarried and currently lives in Florida with his wife and child by his second wife, and an adopted child. Defendant purchased a four bedroom house in Florida and a small motorboat. He recently inherited an estate worth approximately $80,000 in cash and real estate, and he earns just over $19,000 per year with expenses of $1,577.43 per month.

At the conclusion of the evidence the court held that there had been a substantial change in the circumstances of the parties justifying a decrease in alimony. The court reduced the defendant's alimony payments to $135 per month.

From the order reducing plaintiff's alimony, she appealed to this court.

*Tharrington, Smith and Hargrove, by J. Harold Tharrington, for plaintiff appellant.*

*Gulley and Green, by Jack P. Gulley, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in reducing the amount of alimony to be paid by the defendant to plaintiff based on a change of circumstances. We agree.

G.S. 50-16.9(a) provides as follows: "An order of a court of this State for alimony or alimony pendente lite, whether contested or entered by consent, may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."

The party moving for modification of an award of alimony has the burden of showing a change of circumstances. *McDowell v. McDowell,* 13 N.C. App. 643, 186 S.E. 2d 621 (1972). In the present case neither party presented evidence, nor is there any finding, as to the circumstances of the parties on which the original award of alimony was based, except the amount which defendant was required to pay. Defendant's evidence does not establish the original circumstances that existed; therefore it cannot be determined if there has been a change in those circumstances.

Since defendant failed to meet the burden of showing a change in circumstances the order appealed from is in error and is vacated.

Vacated.

Chief Judge BROCK and Judge PARKER concur.