HENRY M. BRITT, JR. v. SHIRLEY B. BRITT

No. 807DC399

(Filed 18 November 1980)

1. Divorce and Alimony § 19.5– alimony provided in separation agreement – agreement adopted by court – enforcement by contempt – modification

   A separation agreement which has been adopted by incorporation into a decree of the court is subject to the contempt power of the court and alimony payments so ordered can be modified.

2. Divorce and Alimony § 19.3– modification of alimony order – change of circumstances – consideration of income only improper

   In a hearing to determine whether there has been a substantial change

of circumstances to warrant a reduction in alimony payments, a conclusion of law that there has been a substantial change of circumstances based only on income is inadequate and in error; rather, the present overall circumstances of the parties must be compared with the circumstances existing at the time of the original award in order to determine if there has been a substantial change.

**3. Divorce and Alimony § 19.4— modification of alimony order – improper comparison of incomes**

   In determining whether there had been a substantial change of circumstances to warrant a reduction in alimony payments, the trial court erred in comparing plaintiff's adjusted gross income, as reported on his federal tax return, with defendant's gross cash income.

APPEAL by plaintiff and defendant from *Matthews, Judge.* Judgment filed 1 December 1979 in District Court, EDGECOMBE County. Heard in the Court of Appeals 15 October 1980.

This appeal is taken from an order reducing plaintiff's alimony payments to defendant and adjudging plaintiff to be in contempt of court for arrearages in alimony.

On 19 December 1972 plaintiff-husband initiated this action, filing a complaint seeking a divorce from bed and board from defendant-wife and a judgment that defendant not be entitled to alimony. Defendant denied the material allegations of the complaint and counterclaimed for, *inter alia,* a divorce from bed and board and an award of alimony.

A consent judgment was filed on 1 March 1973, which provided in part that the parties had entered into a separation agreement "settling all the matters and things pending herein . . . and that the parties have agreed that the Court may enforce this Agreement by finding any party who wilfully defaults in contempt of this Court . . . ." The court found as a fact that the provisions of the separation agreement "are just and fair to both parties, that the sum to be paid by the plaintiff to the defendant as alimony . . . is appropriate and commensurate with the plaintiff's earnings and the defendant's needs." The court retained jurisdiction of the cause.

The separation agreement was divided into two sections, entitled "Property Settlement" and "Alimony and Support of Wife." Plaintiff agreed to pay defendant $367.50 per month as alimony. The separation agreement further stated:

> The provisions for support, maintenance and alimony of wife shall not be modified or changed except by further agreement between the parties expressed in writing.

> The provisions for the support, maintenance and alimony of wife are independent of any division or agreement for division of property between the parties and shall not for any purpose be deemed to be a part of or merged in or integrated with a property settlement of the parties.

On 31 December 1973 judgment was entered granting plaintiff absolute divorce on the ground of one year's separation. The judge ordered that the earlier consent judgment "remain in effect according to their respective terms and conditions and applicable law."

On 10 November 1976 plaintiff filed a motion seeking a reduction in the alimony payments, alleging a substantial change in circumstances, in that plaintiff's income had decreased and defendant's income had increased, to warrant such reduction. Upon hearing, the trial court denied the motion, concluding that the intentions of the parties as expressed by their contract could not be modified by the court without consent of both parties, that the provisions of the instrument were reciprocal considerations which, if modified, would destroy the entire agreement, and that the change of circumstances on the part of the wife did not justify modification of the alimony award as a matter of law.

The Court of Appeals reversed that decision in *Britt v. Britt*, 36 N.C. App. 705, 245 S.E. 2d 381 (1978). Judge Britt held that the decree in the consent judgment superseded the parties' agreement and that the alimony award was therefore subject to modification upon a change of conditions. The Court further held that the support provisions and property division portions of the separation agreement were not reciprocal considerations which would prevent modification. The trial court's order was vacated and the cause was remanded to determine whether a substantial change of circumstances existed to justify reduction of alimony.

On 21 September 1978 defendant filed a motion alleging that plaintiff was in arrears in alimony payments and praying that plaintiff be held in contempt. This motion and the original

motion for modification of alimony payments were heard
together by Judge Matthews at the 19 November 1979 session of
the District Court of Edgecombe County. The hearing had origi-
nally been held on 23 October 1978, in which plaintiff was found
to be in contempt and allowed to purge himself of the arrearage,
and in which the alimony payments were reduced to $210 per
month beginning 10 November 1978. Because the attorneys
were unable to agree upon a draft judgment, according to the
normal custom of the area, the rehearing of November 1979 was
called to determine facts for the record on appeal. Judge Mat-
thews accepted twenty-five stipulations of fact and incorporated
them into the court's findings. From these facts the court made
additional findings, including:

> 26. There has been a substantial change of circum-
> stances affecting the parties hereto in that the plaintiff's
> income has decreased from approximately $22,400.00 to
> $9,100.00 and that the defendant's income has increased
> from $1,600.00 to $10,746.00 annually.

On the basis of the findings of fact Judge Matthews con-
cluded that "[t]here has been a substantial change of circum-
stances and the court concludes as a matter of law that a reduc-
tion in the amount of alimony is proper and should be ordered."
He reduced the alimony payments to $210 per month. He also
adjudged plaintiff in contempt of court for arrearages as of 23
October 1978 and allowed plaintiff to purge himself of contempt
by payment of such arrearages. Additional facts necessary to
this opinion are set out below.

Both plaintiff and defendant appeal.

*Moore, Diedrick, Whitaker & Carlisle, by J. Edgar Moore, for
plaintiff.*

*Hopkins & Allen, by Grover Prevatte Hopkins, for defend-
ant.*

MARTIN (Harry C.), Judge.

[1] This case was before the Court of Appeals more than two
years ago on the issue of whether the trial court had the author-
ity to modify the alimony awarded in the consent judgment
contrary to the express language of the separation agreement.
At that time we held that "the judgment in question is actually

Britt v. Britt

an adjudication by the court which is enforceable by contempt and subject to modification upon a change of conditions rather than a contract approved by the court which cannot be modified absent consent of the parties." *Britt v. Britt, supra* at 710, 245 S.E. 2d at 384. Now, in oral argument, counsel for defendant urges us to reconsider that holding in light of recent decisions by the Supreme Court of North Carolina and by this Court. Although the issue is not properly before us at this time, we will distinguish those later cases to reconfirm our earlier decision that the alimony decreed by the consent judgment was, and remains, indeed subject to the modification power of the trial court.

The law governing when consent judgments retain their contractual nature and when they are superseded by adoption of the parties' agreement as an order of the court is fully discussed in *Britt, supra.* It is unnecessary to recapitulate those principles at the present time. Defendant contends that the law has been modified by the decisions in *Moore v. Moore,* 297 N.C. 14, 252 S.E. 2d 735 (1979); *Cox v. Cox,* 43 N.C. App. 518, 259 S.E. 2d 400 (1979), *disc. rev. denied,* 299 N.C. 329 (1980); and *Haynes v. Haynes,* 45 N.C. App. 376, 263 S.E. 2d 783 (1980). We do not agree.

The *Moore* case in no way reverses the well established rule that a separation agreement that has been adopted by incorporation into a decree of the court is subject to the contempt power of the court and alimony payments so ordered can be modified. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964). *See also Levitch v. Levitch,* 294 N.C. 437, 241 S.E. 2d 506 (1978); *Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71 (1967). Rather, *Moore* expands the law regarding separation agreements which *have not* been incorporated into a decree, but have been merely approved by the court, in allowing specific performance to be invoked, at least in extreme circumstances, as a method of enforcing the contractual rights of the parties. The issue in *Moore* was succinctly stated: "The question we are called upon to decide is whether an action for specific performance will lie to enforce the alimony provisions of a separation agreement, which has not been made part of a divorce decree." *Id.* at 14, 252 S.E. 2d at 736. The Court allowed the specific performance action, which is different from a contempt proceeding, because the husband had deliberately and blatantly diverted his assets

and income to his second wife in an effort to avoid making alimony payments to his former wife under the terms of their extra-judicial separation agreement. We find *Moore* has no application to the present situation.

Neither is *Cox, supra,* helpful to defendant's position. In *Cox* the husband sought to amend a consent judgment for the purpose of tax deductions. In determining that the judgment could not be so amended the Court stated:

> [W]e believe the rule is that a consent judgment is not only a judgment of the court but is also a contract between the parties. It cannot be amended without showing fraud or mutual mistake, which showing must be by a separate action, or by showing the judgment as signed was not consented to by a party, which showing may be by motion in the cause.

*Id.* at 519, 259 S.E. 2d at 401-02. This holding is consistent with decisions that separation agreements incorporated into court decrees are construed and interpreted in the same manner as other contracts. *Lane v. Scarborough,* 284 N.C. 407, 200 S.E. 2d 622 (1973); *Bowles v. Bowles,* 237 N.C. 462, 75 S.E. 2d 413 (1953); *Pope v. Pope,* 38 N.C. App. 328, 248 S.E. 2d 260 (1978). It is the method of *enforcement,* rather than construction, that is transformed when a court adopts the parties' contract as its own decree.

Likewise, *Haynes, supra,* does not apply to the case at bar. The defendant-husband in *Haynes* filed a motion in the cause seeking a determination that he was no longer responsible for alimony payments ordered under a pre-divorce consent judgment on the ground that the subsequent divorce judgment terminated his marital obligation of support. Judge Parker, speaking for this Court, held that although absolute divorce does terminate a dependant spouse's right to support under N.C.G.S. 50-11(a), the earlier consent judgment awarding alimony arose from the separation agreement, which was a contract, not from the marital relationship itself. "Insofar as the consent judgment in the present case imposed a duty of support on the defendant-husband beyond that imposed by the common law or by statute, plaintiff-wife's rights did not arise out of the marriage, but out of contract . . . ." *Id.* at 383, 263 S.E. 2d at 787.

The Court further noted the distinction between consent judgments that merely approve or sanction the contract and those in which the court adjudicates the issue of alimony, and stated:

> However, we do not consider that distinction determinative of the question whether defendant-husband's duty to make support payments to plaintiff-wife ... arises out of marriage or out of contract *for the purposes of determining the effect of the divorce* obtained by the plaintiff-wife. ... Similarly, the fact that a consent judgment incorporating an agreement of the husband to provide support may be enforceable by contempt proceedings renders it no less a contract. Thus, plaintiff-wife's right to receive monthly payments ... in the present case does not become a right "arising out of the marriage" within the meaning of G.S. 50-11 merely because that right is provided in a judgment of court which may be enforceable by contempt.

*Id.* at 383-84, 263 S.E. 2d at 787 (emphasis added). The *Haynes* decision is addressed to the issue of survival of support rights upon divorce. We find that *Haynes* has no applicability to situations, such as the present, in which the method of enforcement or modification of the alimony provision of a consent judgment is at issue. We thus reject defendant's renewed contention that the separation agreement incorporated into the 1973 consent judgment should be treated as a contract rather than a court decree.

We now address the primary questions of this appeal. Defendant-wife appeals on the issue of whether the findings of fact support the trial court's conclusion of law that a substantial change of circumstances had been shown to warrant a reduction in alimony payments. On the assumption that the conclusion of changed circumstances was proper, plaintiff-husband assigns as error the award of alimony without a finding that defendant was in need of support. Plaintiff urges that a further reduction or elimination of alimony be ordered. The outcome of the first issue determines the second.

[2] In this case, the evidence has not been made part of the record. Where evidence is not made part of the record, findings of fact are deemed to be supported by competent evidence. *In re Housing Authority*, 233 N.C. 649, 65 S.E. 2d 761 (1951); *Utilities*

*Comm. v. Electric Membership Corp.*, 276 N.C. 108, 171 S.E. 2d 406 (1970); *Bethea v. Bethea;* 43 N.C. App. 372, 258 S.E. 2d 796 (1979), *disc. rev. denied,* 299 N.C. 119 (1980). The issue remaining is whether the facts found support the conclusions of law. *Brown v. Board of Education,* 269 N.C. 667, 153 S.E. 2d 335 (1967); *Durland v. Peters, Comr. of Motor Vehicles,* 42 N.C. App. 25, 255 S.E. 2d 650 (1979); *In re Vinson,* 42 N.C. App. 28, 255 S.E. 2d 644 (1979). Judge Matthews's conclusion of law of the existence of substantial change of circumstances does not derive from all the findings of fact but was based solely on the incomes of the parties. Finding 26 states:

> There has been a substantial change of circumstances affecting the parties hereto *in that* the plaintiff's income has decreased from approximately $22,400.00 to $9,100.00 and that the defendant's income has increased from $1,600.00 to $10,746.00. (Emphasis added.)

Although designated as a finding of fact, the character of this statement is essentially a conclusion of law and will be treated as such on appeal. *Wachacha v. Wachacha,* 38 N.C. App. 504, 248 S.E. 2d 375 (1978). We hold that a conclusion of law that there has been a substantial change of circumstances based only on income is inadequate and in error.

N.C.G.S. 50-16.9 provides:

> (a) An order of a court of this State for alimony or alimony pendente lite, whether contested or entered by consent, may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested.

From cases interpreting this statute it is apparent that not *any* change of circumstances will be sufficient to order modification of an alimony award; rather, the phrase is used as a term of art to mean a *substantial* change in conditions, upon which the moving party bears the burden of proving that the present award is either inadequate or unduly burdensome. *Roberts v. Roberts,* 38 N.C. App. 295, 248 S.E. 2d 85 (1978); *Gill v. Gill,* 29 N.C. App. 20, 222 S.E. 2d 754 (1976). In *Stallings v. Stallings,* 36 N.C. App. 643, 645, 244 S.E. 2d 494, 495, *disc. rev. denied,* 295 N.C. 648 (1978), we held "that the 'changed circumstances' must bear upon the financial needs of the dependent spouse or the ability

of the supporting spouse to pay," rather than post-marital con-
duct of either party. Financial needs and ability to pay depend
on factors in addition to the annual incomes of the parties.

Here the stipulated facts show that plaintiff is self-
employed in his own farming operation. He purchased land in
1978 at a cost of $80,000, financed 100% by the Federal Land
Bank. Plaintiff has maintained farm equipment with a cost
basis of about $95,000 for the years 1976 to 1978. He has remar-
ried and has two stepchildren who attend a private school with
tuition of $1,300 a year. Plaintiff's second wife has no earnings
or income and receives no child support payments. Plaintiff
raises some meat and vegetable products for family consump-
tion. In 1975 plaintiff built a new home costing approximately
$55,000, 100% financed. In 1978 he purchased a 1978 Oldsmobile
station wagon, for which he paid $6,900 after trade of a 1973
Oldsmobile. An invoice for $2,088 for a dining room suite was
made out to plaintiff, whose second wife paid for the furniture
from funds she received from the sale of her former marital
home. Plaintiff and his second wife have made trips to Las
Vegas, the state of California, and the beach; some of the ex-
penses of these trips were paid by other parties. These facts
reveal that plaintiff has both money and property, and, taken
as a whole, do not support the conclusion that the alimony
payments should be reduced.

[3] The only fact remotely supporting the ruling is the change
in the incomes of the parties. The trial judge compared plain-
tiff's adjusted gross income, as reported on his federal tax re-
turn, with defendant's gross cash income. These are not compa-
rable amounts, as actual income and taxable income are often
different. Because plaintiff's business expenses, including de-
preciation on his equipment, as well as his alimony payments,
are deductible from his total income in determining his ad-
justed gross income, I.R.C. § 62, that figure is not appropriate
for determining his actual ability to meet his alimony pay-
ments.

In *White v. White*, 296 N.C. 661, 252 S.E. 2d 698 (1979), a
former wife sought an increase in alimony payments. Defend-
ant-husband argued that a showing of an increase in his in-
come alone was insufficient to demonstrate changed circum-
stances. The Court found that the wife had also alleged that the

current alimony payments were "totally inadequate under the circumstances" and held that "[c]hanged circumstances do not have to be pled with specificity" to withstand a motion to dismiss. *Id.* at 670, 252 S.E. 2d at 703. Although not precisely articulated as such, this case would imply that fluctuations in income alone do not comprise changed circumstances capable of requiring modification of an alimony award. This is the generally accepted view.

> It is said that a court should proceed with caution in determining whether to modify a decree for alimony on the ground of a change in the financial circumstances of the parties.
>
> Where the change in the circumstances is one that the trial court expected and probably made allowances for when entering the original decree, the change is not a ground for a modification of the decree. In accord with the view it is said that minor fluctuations in income are a common occurrence and the likelihood that they would occur must have been considered by the court when it entered a decree for alimony.

Annot., 18 A.L.R. 2d 10, 13 (1951).

> The fact that the husband's salary or income has been reduced substantially does not automatically entitle him to a reduction in alimony or maintenance. If the husband is able to make the payments as originally ordered notwithstanding the reduction in his income, and the other facts of the case make it proper to continue the payments, the court may refuse to modify the decree.

*Id.* at 43.

One commentator suggests that the provisions of a separation agreement be given deference even when adopted in a court order, to "increase 'self-help' among the parties and prevent protracted litigation of spousal rights." Note, *Modification of Spousal Support: A Survey of a Confusing Area of the Law*, 17 J. Fam. L. 711, 717 (1978-79). The author notes that the Uniform Marriage and Divorce Act (not enacted in this state) urges that courts apply the same high standard for modification as they generally do in adopting an original separation agreement,

Britt v. Britt

that unless the terms are unconscionable or fraudulent they should be accepted by the court. This would have the desirable effect of discouraging modification except in special circumstances. The author further suggests that an implied requirement of proving "changed circumstances" should be that the change was not contemplated at the time of the decree. Increase in cost of living or the wife's obtaining employment are events that are foreseeable at the time of the original judgment. A good faith requirement would also be implicit; a voluntary undertaking by the petitioner could not qualify as a legally recognizable change in condition. Because every set of circumstances is different and subject to change at any time, previous decisions should serve only as general guidelines.

The decisions of courts of this state seem to reflect the above principles. In *Bunn v. Bunn*, 262 N.C. 67, 70, 136 S.E. 2d 240, 243 (1964), the Court said: "If a man in prosperous days consents that a judgment be entered against him for generous alimony and thereafter is *unable to pay it* because of financial reverses, the order should be altered to conform to his *ability to pay*." (Emphasis added.) In *Sayland v. Sayland*, 267 N.C. 378, 148 S.E. 2d 218 (1966), the Supreme Court stated:

> Payment of alimony may not be avoided merely because it has become burdensome, or because the husband has remarried and voluntarily assumed additional obligations. [Citations omitted.] However, any *considerable* change in the health or financial condition of the parties will warrant an application for a change or modification of an alimony decree ... ." The fact that the wife has acquired a substantial amount of property, or that her property has increased in value, after entry of a decree for alimony or maintenance is an important consideration in determining whether and to what extent the decree should be modified." [Citations omitted.] A decrease in the wife's needs is a change in condition which may also be properly considered .... By the same token, an increase in the wife's needs, or a decrease in her separate estate, may warrant an increase in alimony.

*Id.* at 383, 148 S.E. 2d at 222 (emphasis added). In *Sayland*, the alimony payment was held to be unreasonable, and therefore modifiable, because the wife was institutionalized in a state

Britt v. Britt

hospital and the alimony payment was three times the amount of her actual subsistence.

Thus it is apparent that a conclusion as a matter of law that changed circumstances exist, based only on the parties' incomes, is erroneous and must be reversed. The present overall circumstances of the parties must be compared with the circumstances existing at the time of the original award in order to determine if there has been a substantial change. *Gill, supra.* We note that defendant, in her pleadings, alleged that plaintiff had transferred some of his assets and interests therein to his second wife. If a court finds that a party who has been ordered to pay alimony has diverted his assets or voluntarily reduced his income to deliberately avoid payment of alimony, earning capacity rather than actual earnings should be considered. *Robinson v. Robinson,* 10 N.C. App. 463, 179 S.E. 2d 144 (1971). The party alleging such misconduct carries the burden of proof on this issue, however. *Bowes v. Bowes,* 287 N.C. 163, 214 S.E. 2d 40 (1975). Perhaps the overriding principle in determining whether changed circumstances exist, as well as redetermining the correct amount of alimony, is that which the Supreme Court recognized in *Beall v. Beall,* 290 N.C. 669, 679, 228 S.E. 2d 407, 413 (1976), that "the question of the correct amount of alimony . . . is a question of fairness to all parties."

Plaintiff's final argument concerns the issue of from what date the reduced amount of alimony should be paid, if a substantial change of circumstance is found and a modification order is entered. As this problem may not arise upon rehearing, we refrain from discussing it.

The portion of the judgment holding plaintiff in contempt of court is affirmed. The portion dealing with modification of the alimony award is reversed.

Affirmed in part, reversed in part.

Judges VAUGHN and WELLS concur.