SUSAN CARROLL HARRIS, Plaintiff v. LESLIE BAILEY HARRIS, JR., Defendant

No. COA07-228

(Filed 5 February 2008)

**1. Divorce— alimony—modification—changed circumstances—cessation of child support—fairness to parties**

The trial court did not abuse its discretion in an alimony case by granting plaintiff wife's motion to increase the award based on its consideration of termination of child support payments as a factor in deciding whether a modification of the alimony award was warranted because: (1) although the cessation of child support payments does not always provide adequate grounds to warrant a modification of an alimony award, given the limited circumstances of this case and in the interest of fairness to the parties involved, the trial court could consider it; (2) plaintiff wife's reasonable housing expenses increased significantly by doubling since she continued to live in the same residence and has the same total housing costs, but now none of those expenses are attributable to a minor child; and (3) there was a substantial change in circumstances concerning plaintiff's financial need.

**2. Divorce— alimony—modification—findings of fact—income and reasonable expenses**

The trial court did not abuse its discretion in an alimony case by granting plaintiff wife's motion to increase the award based on its finding of fact as to plaintiff wife's income and reasonable

expenses even though defendant contends the court improperly considered household expenses that included food consumed by his adult daughter, plaintiff's voluntary tithes to her church, and tax consequences based upon an arbitrary 25% tax rate, because: (1) it is the function of trial judges in trials without a jury to weigh and determine the credibility of witnesses, and the trial court found plaintiff's sworn testimony that her monthly wages averaged $1,315 to be credible despite inconsistencies in the evidence; (2) in determining plaintiff's financial need, the trial court only included in its calculation those expenses that had previously been reduced in the 2002 order for postseparation support such as the house payment, household maintenance and repair, electricity, and cable; (3) the trial court did not find the amount for plaintiff's monthly food costs had changed since the original order, and thus, defendant's argument that this figure now accounted for food consumed by his adult daughter was without merit; (4) defendant failed to preserve the issue of plaintiff's voluntary tithes since the trial court determined in its original 2002 order that these were reasonable expenses, and defendant did not timely appeal that order as required by N.C. R. App. P. 3(c) and 10(b); and (5) the trial court assumed a 25% tax rate in the original order, and no evidence was presented as to a change in such tax rate.

**3. Divorce— alimony—modification—ability to pay—parties' relative assets and liabilities**

The trial court did not abuse its discretion in an alimony case by denying defendant husband's motion to decrease the award because: (1) the trial court considered defendant's ability to pay alimony and made findings as to the parties' relative assets and liabilities; (2) while the order did not contain an itemized list of the court's findings as to defendant's current reasonable expenses and liabilities, it expressly stated that the trial court found no significant change in the parties' assets and liabilities except as recited in the order, thus reincorporating its 2002 findings as current findings of defendant's reasonable expenses and liabilities; (3) the trial court's consideration of income received by defendant's new spouse was properly restricted to weighing the extent to which it reduced defendant's reasonable expenses and increased his ability to pay; (4) although there was no rational basis to support the finding that defendant voluntarily left his prior job and that any decrease in income was the result of his

voluntary choices, it was harmless error when the court made other sufficient findings to support its decision not to decrease the alimony award; and (5) the fact that defendant's salary or income has been reduced substantially does not automatically entitle him to a reduction in alimony or maintenance if he is still able to make the payments as originally ordered and the other facts of the case make it proper to continue the payments.

Appeal by defendant from order entered 23 October 2006 by Judge James M. Honeycutt in Alexander County District Court. Heard in the Court of Appeals 10 October 2007.

*Larissa J. Erkman for plaintiff appellee.*

*Katherine Freeman for defendant appellant.*

McCULLOUGH, Judge.

This is a family law dispute involving modification of permanent alimony. Plaintiff Susan Carroll Harris ("plaintiff-wife"), and defendant Leslie Bailey Harris ("defendant-husband"), were married on 10 June 1973 and divorced on 12 February 2003. The parties have two children born of the marriage; however, at the time of the divorce, only one child, Sarah Harris ("Sarah") was a minor child.

On 5 June 2002, the Alexander County District Court ordered defendant-husband to pay plaintiff-wife post separation support ("PSS") in the amount of $1,122.00 per month. At the time of the order, defendant-husband worked for a copy service company full-time and also worked part-time for H&R Block and for his father's tax preparation business, earning a gross monthly income of $5,083.00. Plaintiff-wife was self-employed cleaning houses, earning a gross monthly income of $1,250.00. The parties stipulated that defendant-husband is a supporting spouse, as defined by N.C. Gen. Stat. § 50.16.1A(5) (2005); that plaintiff-wife is a dependent spouse, as defined by N.C. Gen. Stat. § 50.16.1A(2); and that prior to the date of separation, defendant-husband committed acts of marital misconduct, as defined by N.C. Gen. Stat. § 50.16.1A(3) . The parties further stipulated that defendant-husband would pay $880.00 per month for the minor child.

The trial court made specific findings of fact as to plaintiff-wife's reasonable monthly expenses, which were determined to total

$1,778.72. In pertinent part, the trial court found plaintiff-wife's reasonable monthly expenses included $141.66 for food at home, $60 for food away from home, and $120.00 for church tithes. In calculating plaintiff-wife's cost of housing, the trial court attributed a portion of her total housing costs to the minor child. Accordingly, the trial court found plaintiff-wife's reasonable expenses to include only one-half of the house payment, $389.73; one-half of the cost of maintenance and repair of the house, $44.50; one-half of the cost of electricity, $94.00; and one-half of the cost of cable, $20.

Defendant-husband was fired from his place of employment at Copy Service & Supply Company on 21 August 2002. By order dated 8 November 2002, defendant-husband's child support and PSS obligations were reduced to $690.00 and $879.00 per month, respectively. Subsequent to that order, defendant-husband obtained employment at COMDOC Business, where he earned a salary of $45,000.00 per year. On 12 February 2003, defendant-husband was ordered to pay $1,100.00 in permanent alimony and $744.47 in child support. Defendant-husband was again fired from his place of employment on 12 March 2003, and the parties agreed to temporarily reduce his alimony and child support obligations to $879.00 and $690.00, respectively. By consent order entered 27 October 2004, defendant-husband's alimony and child support obligations were increased to $1,100.00 and $744.47, respectively.

On 11 May 2006, plaintiff-wife moved to increase defendant-husband's alimony obligation on the basis that because Sarah would be turning eighteen and graduating from high school, plaintiff-wife's reasonable expenses, which were calculated in light of defendant-husband's child support obligation, would be increasing. Defendant-husband, likewise, moved to decrease his alimony obligation on the basis that defendant-husband has experienced a significant involuntary decrease in his income. By order filed 23 October 2006, the trial judge granted plaintiff-wife's motion, increasing defendant-husband's alimony obligation to $1,644.00, denied defendant-husband's motion to decrease alimony, and ordered that defendant-husband's child support obligation be terminated as of 1 June 2006.

On appeal, defendant-husband contends that the trial court erred by (1) granting plaintiff-wife's motion to increase the alimony award; and (2) denying defendant-husband's motion to decrease the alimony award.

## I. Motion to Increase Alimony

Defendant-husband contends that the trial court erred in two respects when it granted plaintiff-wife's motion for an increase in alimony: (1) defendant-husband argues that the trial court improperly considered termination of child support payments as a factor in deciding whether a modification of the alimony award was warranted; and (2) defendant-husband argues that the trial court's findings of fact as to plaintiff-wife's income and reasonable expenses are not supported by competent evidence of record.

### A. Termination of Child Support

[1] Defendant-husband first contends that the trial court improperly considered the termination of his child support obligation as a factor in deciding whether a modification of the alimony award was warranted. First, we emphasize that (1) it is the policy of our state that awards for alimony and child support be separately stated, *see* N.C. Gen. Stat. § 50-16.7(a) (2005); and (2) absent special exceptions, unlike alimony payments, payments ordered for the support of a child must terminate when the child turns eighteen, *see* N.C. Gen. Stat. § 50-13.4(c) (2005). We do not seek to blur the intended distinction between alimony and child support, and accordingly, we do not hold that the cessation of child support payments will always provide adequate grounds to warrant a modification of an alimony award; however, given the limited circumstances of this case, in the interest of fairness to the parties involved, we conclude that, here, the trial court did not err in considering the effect of the cessation of child support in modifying the alimony award.

" 'The "overriding principle" in cases determining the correctness of alimony is "fairness to all parties." ' " *Fink v. Fink*, 120 N.C. App. 412, 418, 462 S.E.2d 844, 850 (1995) (quoting *Marks v. Marks*, 316 N.C. 447, 460, 342 S.E.2d 859, 867 (1986) (quoting *Beall v. Beall*, 290 N.C. 669, 679, 228 S.E.2d 407, 413 (1976)), *disc. review denied*, 342 N.C. 654, 467 S.E.2d 710 (1996). Decisions regarding the amount of alimony ordered are left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of discretion. *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982).

Pursuant to N.C. Gen. Stat. § 50-16.9, an order for alimony may be modified upon a showing of changed circumstances by either party. N.C. Gen. Stat. § 50-16.9(a) (2005). "As a general rule, the changed cir-

cumstances necessary for modification of an alimony order must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay." *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E.2d 840, 846 (1982). "To determine whether a change of circumstances under G.S. 50-16.9 has occurred, it is necessary to refer to the circumstances or factors used in the original determination of the amount of alimony awarded under [now N.C. Gen. Stat. § 50-16.3A]." *Id.* " 'The trial court must at least make findings sufficiently specific to indicate that the trial judge properly considered each of the factors . . . for a determination of an alimony award.' " *Vadala v. Vadala*, 145 N.C. App. 478, 479, 550 S.E.2d 536, 538 (2001) (quoting *Skamarak v. Skamarak*, 81 N.C. App. 125, 128, 343 S.E.2d 559, 561 (1986)).

In *Fink*, we held that under former N.C. Gen. Stat. § 50-16.5, "custodial responsibilities constitute a 'condition' to be considered by the trial court in its determination of dependency so as to effect as equitable an adjustment as possible, with due regard to all affected interests." *Fink*, 120 N.C. App. at 421, 462 S.E.2d at 851. Following *Fink*, in 1995, the General Assembly repealed N.C. Gen. Stat. § 50-16.5 and enacted N.C. Gen. Stat. § 50-16.3A, essentially codifying our *Fink* decision by mandating that trial courts consider the expenses and financial obligations related to serving as a custodian of a minor child when setting the amount and duration of an alimony award. *See* N.C. Gen. Stat. § 50-16.3A(b)(7) (2005); *see also* Nancy E. LeCroy, *SURVEY OF DEVELOPMENTS IN NORTH CAROLINA AND THE FOURTH CIRCUIT, 1995: FAMILY LAW: Giving Credit Where Credit Is Due: North Carolina Recognizes Custodial Obligations as a Factor in Determining Alimony Entitlements*, 74 N.C.L. Rev. 2128 (1996) (discussing the legislative history of N.C. Gen. Stat. § 50-16.3A).

Here, in determining whether to modify the alimony award, the trial court explicitly found that in setting the amount of the original PSS award, the trial court considered N.C. Gen. Stat. § 50-16.3A(b)(7), "[t]he extent to which the earning power, expenses, or financial obligations of a spouse will be affected by reason of serving as the custodian of a minor child," and N.C. Gen. Stat. § 50-16.3A(b)(10), "[t]he relative assets and liabilities of the spouses . . . including legal obligations of support[.]" The trial court stated in its findings of facts:

> (3) . . . Because the court considered child support paid and received and its effect on expenses and ability to pay originally in PSS and alimony, the court can and should consider the effect of

the elimination of child support on Plaintiff's expenses and Defendant's ability to pay.

The record supports this conclusion, as the original 5 June 2002 PSS order expressly states, "[a] portion of the child support which will be received by the Plaintiff will pay for shelter for the child and the Court will therefore attribute to the wife in determining her reasonable monthly expenses one-half of her expense for the house payment, maintenance, electricity, and water."[1] Accordingly, the original PSS order attributes to plaintiff-wife's reasonable expenses only one-half of the house payment, one-half of the cost of maintenance and repair of the house, one-half of the cost of electricity, and one-half of the cost of cable.

Because plaintiff-wife continues to live in the same residence and has the same total housing costs, but now none of these expenses are attributable to a minor child, the trial court found that plaintiff-wife's reasonable housing expenses have increased significantly. The court determined that while plaintiff-wife's monthly wages have only increased from $1,250.00 to $1,315.00, her reasonable expenses now include, not one-half, but 100% of the housing costs. The trial court found that plaintiff-wife's reasonable expenses have increased by $548.23 per month and that plaintiff-wife has to borrow money by way of cash advances to meet her expenses. Therefore, the trial court concluded, in its discretion, that the change in plaintiff-wife's financial need was sufficient to warrant a modification of the alimony order.

Defendant-husband argues that because the statutorily mandated end of child support was anticipated by the parties and by the court at the time that the permanent alimony order was entered, it does not constitute a substantial change in circumstances sufficient to warrant a modification of the award. In support of this argument, defendant-husband relies on our decision in *Britt v. Britt*, in which we stated:

"Where the change in the circumstances is one that the trial court expected and probably made allowances for when entering the original decree, the change is not a ground for a modification of the decree. In accord with the view it is said that minor fluctuations in income are a common occurrence and the likelihood

---

1. The 2002 PSS order allocates $48.00 for the cost of water, sewer, and trash; despite the court's express intent to attribute a portion of the cost of water to the minor child, it does not seem that any portion of this expense was actually allocated to the minor child.

that they would occur must have been considered by the court when it entered a decree for alimony."

*Britt v. Britt*, 49 N.C. App. 463, 472, 271 S.E.2d 921, 927 (1980) (citation omitted).

First, we find the facts before us distinguishable from *Britt*. In *Britt*, we noted that the only fact "remotely supporting" the order modifying the alimony award was a change in the income of the parties. *Britt*, 49 N.C. App. at 471, 271 S.E.2d at 927. Here, the trial court found not merely a loss of child support income, but a substantial increase in plaintiff-wife's reasonable expenses. *See Sayland v. Sayland*, 267 N.C. 378, 383, 148 S.E.2d 218, 222 (1966) (holding that a substantial change in the dependent spouse's needs would warrant a modification of an alimony award). Next, we note that while it was foreseeable that child support payments would terminate upon Sarah reaching the age of 18, it was not necessarily foreseeable that plaintiff-wife's living expenses would be double what they were at the time that the original PSS award was entered; here, the trial court found it reasonable that plaintiff-wife continue to live in the same house in which she had been living. However, if plaintiff-wife had moved from the family house to a less expensive residence, her housing expenses might not have increased substantially enough to warrant a modification of the award. Thus, the extent to which plaintiff-wife's reasonable expenses have changed was not necessarily foreseeable at the time that the 2002 PSS order was entered. Finally, even in *Britt*, we recognized that " 'the question of the correct amount of alimony . . . is a question of fairness to all parties.' " *Britt*, 49 N.C. App. at 474, 271 S.E.2d at 928 (citation omitted).

The trial court found that because plaintiff-wife's reasonable housing expenses were calculated in light of defendant-husband's child support obligation, without that obligation, her costs have doubled. Meanwhile, the court found that defendant-husband's ability to pay has increased. The court concluded that under these circumstances, an increase in the alimony award was fair. Given the facts before us, we find this conclusion to be within the court's discretion. This assignment of error is overruled.

### B. Findings as to Plaintiff-Wife's Income and Reasonable Expenses

**[2]** Defendant-husband next contends that the trial court committed reversible error in determining plaintiff-wife's income and reasonable expenses. We disagree.

First, defendant-husband argues that the court's finding as to plaintiff-wife's income is not based on credible evidence, as plaintiff-wife's testimony contradicted her bank records and affidavit of financial standing. "It is the function of the trial judge, in trials without a jury, to weigh and determine the credibility of a witness." *Ingle v. Ingle*, 42 N.C. App. 365, 368, 256 S.E.2d 532, 534 (1979). Despite inconsistencies in the evidence, the trial court apparently found plaintiff-wife's sworn testimony that her monthly wages averaged $1,315.00 to be credible; therefore, we will not hold to the contrary.

Next, defendant-husband contends that in calculating plaintiff-wife's reasonable expenses, the trial court erred by accepting as reasonable plaintiff-wife's household expenses that included food consumed by his adult daughter, Sarah, plaintiff-wife's voluntary tithes to her church, and tax consequences based upon an arbitrary 25% tax rate.

As previously discussed, "[t]he determination of what constitutes the reasonable needs and expenses of a party in an alimony action is within the discretion of the trial judge[.]" *Whedon v. Whedon*, 58 N.C. App. 524, 529, 294 S.E.2d 29, 32 (1982), *disc. review denied*, 306 N.C. 752, 295 S.E.2d 764 (1982). "Implicit in this is the idea that the trial judge may resort to his own common sense and every-day experiences in calculating the reasonable needs and expenses of the parties." *Bookholt v. Bookholt*, 136 N.C. App. 247, 250, 523 S.E.2d 729, 731 (1999). After reviewing the order at issue, it is clear that the trial judge found that none of plaintiff-wife's reasonable expenses had changed significantly since 2002 except for those in which some portion of the cost had been attributed to the parties' then minor child, Sarah. The Order expressly states: "Converting to 100% the expenses that the undersigned had reduced for PSS, Plaintiff is in need of at least the $408.57 that she is not now receiving."[2] Thus, in determining plaintiff-wife's financial need, the trial judge only included in his calculation those expenses that had previously been reduced, such as the house payment, household maintenance and repair, electricity, and cable.

Plaintiff-wife's food costs were not reduced in the 2002 order, and therefore, the trial court found that these costs had not significantly increased since then. The 2002 order contains a finding that plaintiff-

2. The trial court determined that plaintiff-wife had a net decrease of $408.57 in income by subtracting plaintiff-wife's prior child support obligation of $335.85 from the $744.41 child support payment that she had been receiving from defendant-husband.

wife's total monthly cost of food was $201.66, which is based on the amount that she attributed to only herself on her 2002 Affidavit of Financial Standing. Since the trial court did not find this amount to have changed since the original order, defendant-husband's argument that this figure now accounts for food consumed by his adult daughter, Sarah, is without merit.

We find defendant-husband's remaining contentions to be meritless as well. Because the trial court determined that plaintiff-wife's voluntary tithes were reasonable expenses in its original 2002 PSS order, and defendant-husband did not timely appeal that order, pursuant to N.C. App. P. Rule 3(c) and 10(b), he has not preserved this issue for appellate review. Likewise, the trial court assumed a 25% tax rate in the original order. The trial court found that plaintiff-wife's income has not changed significantly since that order, and no evidence was presented as to a change in such tax rate. We conclude that, under the circumstances, the trial court did not abuse its discretion in assuming the same tax rate in calculating plaintiff-wife's current financial need.

## II. Motion to Decrease Alimony Award

[3] Now, we address defendant-husband's contention that the trial court erred by denying his motion to decrease the alimony award.

First, defendant-husband contends that the trial court erred by failing to make findings of fact as to defendant-husband's reasonable expenses in determining his actual ability to pay. We disagree.

As previously discussed, the relative assets and liabilities of the spouses is a factor listed under N.C. Gen. Stat. § 50-16.3A and was considered by the trial court in determining the original alimony award; thus, we agree with defendant-husband that the trial court was required to consider and make findings as to this factor.

Here, the court clearly considered defendant-husband's actual ability to pay alimony and made findings as to the parties' relative assets and liabilities. While the order does not contain an itemized list of the court's findings as to defendant-husband's current reasonable expenses and liabilities, the order expressly states that the trial court found "no significant change in [the parties'] assets and liabilities except as recited [in the order]." Thus, the order reincorporates its 2002 findings as current findings of defendant-husband's reasonable expenses and liabilities to the extent that such expenses are not otherwise mentioned. The trial court expressly found that defendant-

husband has been able to regularly pay his PSS, alimony, and child support payments; that his income has not changed significantly; and that his reasonable expenses have decreased by $1,007.53 due to the termination of his child support obligation as well as the fact that his new wife covers his daughter's health insurance premiums. We find that there is competent evidence in the record to support these findings. Therefore, this argument is without merit.

Next, defendant-husband contends that the trial court improperly considered his new wife's income in determining his ability to pay alimony. We disagree.

We have held that where a party's new spouse shares responsibility for the party's expenses and needs, it is proper for the court to consider income received by the new spouse in weighing the party's " '*necessary* and reasonable expenses and debts against his financial ability to pay[.]' " *Broughton v. Broughton*, 58 N.C. App. at 786, 294 S.E.2d at 778; *see also Wyatt v. Wyatt*, 35 N.C. App. 650, 651-52, 242 S.E.2d 180, 181 (1978). Here, as in *Broughton*, defendant-husband's present wife is a member of his household and shares responsibility for defendant-husband's expenses, including his daughter's health insurance premiums. The record reveals that the trial court's consideration was properly restricted to weighing the extent to which defendant-husband's present wife's income reduced his reasonable expenses and increased his ability to pay. Accordingly, this argument is without merit.

Finally, defendant-husband contends that the trial court abused its discretion in finding that defendant-husband voluntarily left his prior job and that any decrease in income is the result of his voluntary choices. We agree that the record contains no rational basis to support these findings, as prior court orders found that defendant-husband was involuntarily terminated from such employment and defendant-husband testified that his current employer reprimanded him for working a part-time job last year; however, we find this error to be harmless, as the court made other findings sufficient to support its decision not to decrease the alimony award.

" 'The fact that the husband's salary or income has been reduced substantially does not automatically entitle him to a reduction in alimony or maintenance.' " *Britt*, 49 N.C. App. at 472, 271 S.E.2d at 927 (citation omitted); *see also Medlin v. Medlin*, 64 N.C. App. 600, 602-03, 307 S.E.2d 591, 593 (1983) (holding that a husband's mere evidence of a decrease in income was insufficient to warrant a modifi-

cation of an alimony award). We have held that despite a substantial decrease in income, " '[i]f the husband is able to make the payments as originally ordered . . . and the other facts of the case make it proper to continue the payments, the court may refuse to modify the decree.' " *Britt*, 49 N.C. App. at 472, 271 S.E.2d at 927 (citation omitted). Here, the income generated from defendant-husband's seasonal part-time work is minimal; and as previously discussed, the trial court found that defendant-husband has had a monthly decrease in cash outflow of $1,007.53 and that defendant-husband has been able to make his alimony and child support payments as originally ordered. Therefore, we find this error to be harmless.

For the foregoing reasons, we conclude that the trial court did not err in denying defendant-husband's motion to decrease the alimony award nor in granting plaintiff-wife's motion to increase the alimony award.

Affirmed.

Judges CALABRIA and STEPHENS concur.