BETSY FITCH v. JOE DENNIS FITCH

No. 7526DC313

(Filed 16 July 1975)

1. Contempt of Court § 6; Divorce and Alimony § 21— child support — contempt of court — present ability to pay

    The evidence supported the trial court's finding that defendant was presently able to pay $3,570.55 needed to comply with a child support order and that he was in contempt for failure to make such payment where there was evidence tending to show that defendant withdrew $750 from an automobile sales partnership operated by

Fitch v: Fitch

him some two months before the hearing, he withdrew at least $5,265 from the partnership the preceding year, he loaned the partnership $1,000 the preceding month, defendant contributed $80 per month to his church, defendant paid his attorney $1,000 in legal fees during the prior three months, and 28 days before the hearing the partnership had an inventory of $29,700 and debts of only $6,000. G.S. 50-13.4(f)(9).

**2. Divorce and Alimony § 23— child support — contempt proceeding — refusal to hear motion to reduce payments**

In a contempt hearing for failure of defendant to make child support payments, defendant was not prejudiced by the court's refusal to consider defendant's pending motion to reduce the payments based on the emancipation of one of the children of the parties where the court nonetheless admitted evidence of emancipation and granted the relief sought by defendant by retroactively reducing his child support payments; furthermore, defendant failed to give plaintiff notice of intention to have the motion heard as required by G.S. 1A-1, Rule 6(d).

**3. Judgments § 2— difference between decision announced in court and written order**

Fact that court's written order may differ from the decision announced in open court does not constitute error since the judgment was not "rendered" until entry of the written order signed by the court. G.S. 1A-1, Rule 52(a)(1).

APPEAL by defendant from *Robinson, Judge.* Order entered 31 January 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 18 June 1975.

This appeal arose out of litigation between the parties covering a period of five and one-half years. In November 1968, the plaintiff filed a complaint against her husband praying for reasonable subsistence, care and custody of their minor children, possession of their home, reasonable attorney's fees, and an injunction to prevent the defendant from molesting or bothering her. After the hearing the court ordered the defendant to convey his interest in their home to the plaintiff and assume any indebtedness thereon, to pay Forty-Five Dollars ($45.00) per week child support and to pay One Hundred Fifty Dollars ($150.00) in attorney's fees. From this judgment, no appeal was taken.

On 4 September 1973, the plaintiff filed a motion for an increase in payments alleging that a substantial change in circumstances and cost of living and an increase in defendant's income required and justified increased support payments for her two unemancipated children. A third child had become

emancipated by that time. The defendant was ordered to appear at the 23 October Session of District Court. The matter came on for hearing on 26 October 1973, and by order of 2 November 1973, the defendant was ordered to pay stipulated arrearages in child support of $825.00, $40.00 per week for future child support, and certain medical expenses and attorney's fees. From this order, no appeal was taken.

On 23 January 1974, upon motion of plaintiff, an order was entered directed to the defendant to show cause on 14 February 1974 why he should not be held in contempt. At this time the defendant changed lawyers and filed a motion dated 5 March 1974, which was 19 days after he was to appear, seeking for the first time to set aside the 2 November 1973 order.

After a hearing, the district court entered an order on 21 March 1974, finding there was no justification for setting the order aside. This finding was amply supported by sufficent evidence. From this order refusing to set aside the order of 2 November 1973, the defendant appealed.

In *Fitch v. Fitch*, 24 N.C. App. 112, 210 S.E. 2d 113 (1974), we affirmed the order entered 21 March 1974, which refused to vacate the 2 November 1973 order. On 16 January 1975, upon motion of plaintiff, an order was entered, directed to the defendant, to show cause on 27 January 1975 why he should not be held in contempt for his alleged willful disobedience of the 2 November 1973 order. At the hearing, the trial court refused to hear two outstanding defense motions dated 5 March 1974 and 21 March 1974 before the plaintiff's contempt charge.

Plaintiff testified that pursuant to the 2 November 1975 order she had received only $400 as back child support and that she had "not received anything since that time for the support of the two children." On cross-examination counsel for the defendant elicited testimony from the plaintiff that the child support "was primarily for Joe Dennis, Jr." and that Joe Dennis, Jr., was employed in 1974 and earned about $3,000 working part time. Plaintiff then called the defendant as a witness and questioned him about his income. The defendant stated that he was in the business of repairing and selling automobiles and that his business had sustained a loss of $25,908.16 during 1974. The defendant, however, admitted that he had drawn $5,265 from the business, that he had contributed $80 per month to his church and that he had paid about $1,000 to his attorney.

On 29 January 1975, at the conclusion of the evidence, the trial court instructed counsel for the plaintiff to prepare an order containing findings of fact which he verbally suggested.

On 31 January 1975 a written order signed by the trial judge was entered. It contained 13 findings of fact from which the court made six conclusions of law. Among the findings of fact was the following:

"12. From November 2, 1973, until present, the Defendant possessed the means to comply with the Order of November 2, 1973, and he willfully, intentionally and deliberately failed to comply with said November 2, 1973 Order."

Both parties gave notice of appeal, but only defendant perfected his appeal.

*Nelson M. Casstevens, Jr., for plaintiff appellee.*

*Lila Bellar and Marshall H. Karro for defendant appellant.*

MORRIS, Judge.

Defendant first argues that it was error for the trial court to find that he was in present and continuing contempt of court and to order that he be imprisoned indefinitely because of such contempt, "in that there was no determination based on competent evidence that Defendant was presently able to comply with the Order of the Court."

It is well settled in this State that the courts possess the authority to confine a person who willfully violates the terms and provisions of the orders of a court. More specifically G.S. 50-13.4(f)(9) gives the courts authority to punish individuals for willful disobedience of orders for the payment of child support, with punishment for contempt to be as provided in G.S. 5-8 and G.S. 5-9. As we noted in *Bennett v. Bennett,* 21 N.C. App. 390, 393, 204 S.E. 2d 554, 556 (1974), under these statutes "[w]hen a defendant has the present means to comply with a court order and deliberately refuses to comply, there is a present and continuing contempt and the court may commit such defendant to jail for an indefinite term, that is, until he complies with the order. Under such circumstances, however, there must be a specific finding of fact supported by competent evidence to the effect that such defendant possesses the means to comply with the court order." Although the 31 January 1975 order con-

tains such a finding, defendant maintains there is no evidence to support it. We disagree.

[1]    A careful examination of the evidence shows that between 22 November 1974 and 20 December 1974, the defendant withdrew $750 from Matthews Auto Sales, a partnership operated by him; that during 1974 the defendant withdrew at least $5,265 from the partnership; that on 10 December 1974 the defendant loaned the partnership $1,000; that from the entry of the 2 November 1973 order "until recently" the defendant has contributed $80 per month to the Gospel Chapel Church, and that since 2 November 1973, the defendant has paid his attorney $1,000 in legal fees. Furthermore, defendant's own evidence, which consisted in part of an income statement from Matthews Auto Sales for the year ending 31 December 1974, indicates that the partnership had an inventory of $29,700 and outstanding debts of only $6,000 on 31 December 1974, some 28 days prior to the hearing of this matter. On the basis of the foregoing evidence, we are of the opinion that the trial court was entirely justified in finding that the defendant possessed sufficient assets to enable him to pay the $3,570.55 needed to comply with the 2 November 1973 order. We are aware that defendant failed to except to the finding of fact. However, because of the lengthy and bitter litigation between the parties, we have spoken to the merits of the question raised.

[2]    Defendant next argues that the trial court abused its discretion by refusing to consider a motion filed by the defendant on 5 March 1974 seeking a "reduction of child support payments based on the emancipation of the minor child of Plaintiff and Defendant." He asserts that the motions, which alleged emancipation of his children, bore upon his duties under the 2 November 1973 order, and consequently, upon his alleged contempt. We fail to see how the defendant was prejudiced by the trial court's failure to hear his motion since the court nonetheless admitted evidence on emancipation and granted the relief sought by the defendant by retroactively reducing his child support payments. In any event, we note that the plaintiff did not receive notice from the defendant, as required by G.S. 1A-1, Rule 6(d), of defendant's intention to have his motion heard. This assignment of error is overruled.

[3]    In his final argument defendant contends the 31 January 1975 written order differs substantially from the decision announced in open court on 29 January 1975 and that this consti-

tutes reversible error. We disagree. In our opinion no judgment was "rendered" in this case until 31 January 1975. *Cutts v. Casey,* 275 N.C. 599, 170 S.E. 2d 598 (1969). On 29 January 1975 the trial court merely instructed the plaintiff's attorney to prepare an order containing certain specific findings of fact, these findings to be in addition to other necessary and pertinent findings of fact.

G.S. 1A-1, Rule 52(a) (1), in pertinent part, provides that in nonjury trials "the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." Here the trial court did not direct that any conclusions of law be placed in the order nor did the court issue any other orders. We conclude judgment was not in fact rendered until the entry of the order of 31 January 1975, which both parties agree was properly signed by the judge and entered.

Affirmed.

Judges VAUGHN and CLARK concur.