ROBERT S. COCHRANE, JR. AND WIFE, POLLY C. COCHRANE v. SEA GATE INCORPORATED

No. 7810SC979

(Filed 17 July 1979)

**Appeal and Error § 14— notice of appeal not given within 10 days—appeal not timely**
>       Where entry of judgment was noted by the clerk on the court minutes for 13 March 1978 and written judgment was filed on 15 May 1978, plaintiffs' notice of appeal filed on 25 May 1978 was not timely, as it was not filed within ten days of entry of judgment.

APPEAL by plaintiffs from *Brewer, Judge.* Judgment entered 13 March 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 27 June 1979.

Plaintiffs brought this civil action in Wake County to rescind a contract under which plaintiffs purchased from defendant a lot fronting on the Intracoastal Waterway in Carteret County. Plaintiffs alleged in their complaint that they had been induced to enter into the contract by the fraudulent representations of defendant's agents that the lot was suitable for the construction of a dwelling thereon, which representations were false in that an easement in favor of the United States covered the greater portion of the lot. Defendant filed answer denying that any false representations were made and alleging that plaintiffs purchased

the lot with knowledge, after full disclosure, that the same was subject to a duly recorded easement in favor of the United States.

After taking the deposition of the plaintiff, Robert S. Cochrane, Jr., defendant moved for summary judgment on the ground that there was no genuine issue as to any material fact relating to the liability of defendant to the plaintiffs and that movant was entitled to judgment as a matter of law. A hearing on the motion was held on 3 February 1978, before Judge Brewer during a term of Superior Court in Wake County. Subsequently, on 13 March 1978, attorneys for both parties appeared before Judge Brewer, at which time the Judge, in open court and in the presence of counsel for both parties and in the presence of the court clerk, rendered judgment for the defendant on its motion for summary judgment. Entry of the judgment was noted by the clerk on the court minutes for 13 March 1978.

Subsequently, Judge Brewer signed a written judgment dated 12 May 1978, which was filed on 15 May 1978, granting defendant's motion for summary judgment and dismissing plaintiffs' action. On 25 May 1978 plaintiffs filed notice of appeal.

*John R. Hughes & Associates, by David Ford for plaintiffs appellants.*

*Staton, Betts, Perkinson & West by William W. Staton, Stanley W. West, and James S. Staton, for defendant appellee.*

PARKER, Judge.

Appeal from a judgment or order in a civil case, if not taken by giving oral notice as provided in Rule 3(a)(1) of the N.C. Rules of Appellate Procedure and in G.S. 1-279(a)(1), "must be taken within 10 days after its entry." Rule 3(c) of the N.C. Rules of Appellate Procedure; G.S. 1-279(c). [The running of this time may be tolled by a timely motion filed as provided in Rule 3(c), but no such motion was filed in the present case.] G.S. 1A-1, Rule 58 provides, among other matters, that "[u]pon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation *shall constitute the entry of judgment for the purposes of these rules.*" (Emphasis added.)

In the present case, entry of judgment was made on 13 , March 1978 when the trial judge, in open court and in the presence of counsel for both parties, rendered summary judgment for defendant, and the clerk, in the absence of any contrary direction by the judge, made a notation of such decision in the court minutes. No notice of appeal from the judgment was given until 25 May 1978, more than two months after its entry. Where the appeal is taken more than ten days after the "entry" of judgment and the time within which the appeal can be taken is not otherwise tolled as provided in Rule 3 of the N.C. Rules of Appellate Procedure and in G.S. 1-279, the appellate court obtains no jurisdiction in the matter and the appeal must be dismissed. See *Teague v. Teague*, 266 N.C. 320, 146 S.E. 2d 87 (1966); *Giannitrapani v. Duke University*, 30 N.C. App. 667, 228 S.E. 2d 46 (1976); *Brooks v. Matthews*, 29 N.C. App. 614, 225 S.E. 2d 159 (1976); *Clark v. Wallace*, 27 N.C. App. 589, 219 S.E. 2d 501 (1975).

In fairness to plaintiffs' present counsel, it should be noted that other counsel and not plaintiffs' present counsel represented plaintiff at the time the summary judgment for defendant was entered and when the notice of appeal was given.

Appeal dismissed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.