RAYMOND R. MEDLIN v. SEENA L. MEDLIN

No. 8220DC1108

(Filed 18 October 1983)

**1. Divorce and Alimony § 21.3— no specific finding of ability to comply with alimony order—implicit in findings**

   Although there was not an explicit finding of present ability to comply or to take reasonable measures to enable plaintiff to comply with an order of

alimony, that plaintiff had the ability to comply, or to deal with his assets so as to enable him to comply, and had willfully failed or refused to do so, was implicit in findings which dealt with his assets.

**2. Divorce and Alimony § 19.4— modification of alimony—failure to show changed circumstances**

Plaintiff failed to carry his burden of proving that his present overall circumstances, compared with those circumstances present at the time of the original alimony award, entitled him to a reduction in payment.

APPEAL by plaintiff from *Honeycutt, Judge.* Order entered 4 June 1982 in District Court, UNION County. Heard in the Court of Appeals 19 September 1983.

In a consent order dated 10 January 1980 the court found that defendant was a dependent spouse and ordered plaintiff, *inter alia,* to pay her $200 per month as permanent alimony. On 22 April 1982 defendant moved that plaintiff be required to show cause why he should not be held in contempt for arrearages. On 18 May 1982 plaintiff moved for an order reducing the payments on grounds of inability to pay resulting from decreased income.

The court found as facts that plaintiff had made no payments in 1982 and was $1,000 in arrears; that he was the sole proprietor of a business; that he had grossed approximately $3,000 during 1982; that he had listed his business for sale for $35,000; that he had recently obtained a $17,000 loan; and that he owned a 1977 Dodge van, a 1972 Chevrolet, and a 1965 Ford. It concluded from these findings that plaintiff had sufficient assets to pay alimony as ordered and was in contempt for failure to do so. It further concluded that he had made an insufficient showing of a change in circumstances to merit reduced payments. It thereupon ordered him confined for contempt and denied his motion for reduction.

From this order, plaintiff appeals.

*Griffin, Caldwell, Helder & Steelman, P.A., by Sanford L. Steelman, Jr., for plaintiff appellant.*

*Joe P. McCollum, Jr., for defendant appellee.*

WHICHARD, Judge.

[1] Plaintiff contends the findings are insufficient to show willful failure to comply, and that the court thus erred in holding him in

contempt. He argues that they do not show that he "is able to comply . . . or . . . to take reasonable measures that would enable him to comply," G.S. 5A-21(a)(3), and that they thus do not support the order.

As noted, the court found that plaintiff was the sole proprietor of a business; had grossed approximately $3,000, or $600 per month, during the first five months of 1982; had listed the business for sale for $35,000; and owned three motor vehicles. These findings are supported by competent evidence, and thus are reviewable only for sufficiency to warrant the judgment. *Clark v. Clark*, 294 N.C. 554, 571, 243 S.E. 2d 129, 139 (1978); *Jones v. Jones*, 52 N.C. App. 104, 111, 278 S.E. 2d 260, 265 (1981).

That plaintiff had the ability to comply, or to deal with his assets so as to enable him to comply, and had willfully failed or refused to do so, is implicit in the above findings. His arrearages totalled only $1,000, and the findings established that he "had resources upon which to call" with a value in excess of that amount. *See Reece v. Reece*, 58 N.C. App. 404, 407, 293 S.E. 2d 662, 664 (1982). While an explicit finding of present ability to comply or to take reasonable measures to enable compliance, and of willful failure or refusal to do so, would have been preferable, the conclusion from the findings made that plaintiff "has sufficient assets to pay alimony as ordered" adequately serves the purpose. It thus suffices to warrant the order of contempt. *See Daugherty v. Daugherty*, 62 N.C. App. 318, 320, 302 S.E. 2d 664, 665 (1983) (absence of finding as to ability immaterial where evidence plainly shows capacity to comply).

[2] Plaintiff contends the court erred in denying his reduction motion. An order for alimony may be modified or vacated at any time upon a showing of changed circumstances. G.S. 50-16.9(a). The change must be substantial, however, and the moving party has the burden of proving that the award is either inadequate or unduly burdensome. *Britt v. Britt*, 49 N.C. App. 463, 470, 271 S.E. 2d 921, 926 (1980); *see also Gill v. Gill*, 29 N.C. App. 20, 21, 222 S.E. 2d 754, 755 (1976).

A conclusion of a substantial change in circumstances based solely on a change in income is inadequate and erroneous. *Britt, supra*. The extant overall circumstances of the parties must be compared with those at the time of the award to determine

whether a substantial change has occurred. *Britt, supra,* 49 N.C. App. at 474, 271 S.E. 2d at 928.

> The fact that the husband's salary or income has been reduced substantially does not automatically entitle him to a reduction in alimony or maintenance. If the husband is able to make the payments as originally ordered notwithstanding the reduction in his income, and the other facts of the case make it proper to continue the payments, the court may refuse to modify the decree.

Annot., 18 A.L.R. 2d 10, 43 (1951), *quoted with approval in Britt, supra,* 49 N.C. App. at 472, 271 S.E. 2d at 927.

The original order and the reduction motion showed plaintiff's income at the time of the original award as $150 per week. Plaintiff relies on the contrasting evidence here that his income in 1982 was only a small sum drawn from the business to reimburse personal expenses and pay a personal account.

Under the standard set forth in *Britt,* a finding of changed circumstances based on this evidence alone would have been error. Plaintiff did not carry his burden of proving that his present overall circumstances, compared with his circumstances at the time of the award, entitled him to a reduction in payments. The court thus could refuse to modify the order. *Britt, supra.*

Plaintiff finally contends the findings and conclusions are not supported by the evidence, and that the court erred in failing to make certain other findings and resultant conclusions. The material findings are supported by competent evidence. The court is not required to find all facts supported by the evidence, but only sufficient material facts to support the judgment. *Lea Co. v. Board of Transportation,* 57 N.C. App. 392, 405, 291 S.E. 2d 844, 852, *disc. rev. granted,* 306 N.C. 557, 294 S.E. 2d 371 (1982); *In re Custody of Stancil,* 10 N.C. App. 545, 549, 179 S.E. 2d 844, 847 (1971). The facts which plaintiff contends the court should have found were not material to support its judgment, and the court did not err in failing to find them.

Affirmed.

Chief Judge VAUGHN and Judge PHILLIPS concur.