OLIVIA PARKER PLOTT v. ARTIST LEE PLOTT

No. 8422DC645

(Filed 2 April 1985)

1. **Divorce and Alimony § 24.4— enforcement of child support order—contempt— required findings**

   In a civil contempt proceeding to enforce a child support order, the court was not required to make the findings necessary for determining the amount of child support but was required to find only that the delinquent obligor had the means to comply with the order and that she willfully refused to do so.

2. **Divorce and Alimony § 24.4— contempt for violation of child support order— willful failure to comply—implicit findings**

   Although the court's order holding plaintiff in contempt for failure to make child support payments contained no explicit finding that plaintiff willfully failed to comply, the order was sufficient where it was implicit in the court's findings that plaintiff both possessed the means to comply and willfully refused to do so.

3. **Divorce and Alimony § 24.4— contempt for violation of child support order— sufficient evidence**

   The evidence was sufficient to support the court's order finding plaintiff in contempt for violation of a child support order where the court had found probable cause to believe plaintiff was in contempt based on the verified allegations in defendant's motion, and plaintiff failed to carry her burden of showing why she should not be found in contempt. G.S. 5A-23.

Plott v. Plott

4. **Divorce and Alimony § 27— enforcement of child support order—award of attorney fees—sufficiency of findings**

> The trial court's findings were sufficient to support its award of attorney fees to defendant in an action to enforce a child support order where there was no evidence and no allegation of bad faith on the part of defendant; it can be inferred from the facts found that plaintiff refused to provide adequate support under the circumstances existing at the time this action to enforce the support order was instituted; and defendant's allegation in his verified motion that he lacked sufficient means to pay the legal costs of the action was not contradicted. Explicit findings are not required in an order awarding attorney fees where there is no conflicting evidence and the facts are obvious.

APPEAL by plaintiff from *Cathey, Judge.* Judgment entered 8 February 1984 in District Court, DAVIE County. Heard in the Court of Appeals 5 March 1985.

This is a civil action in which defendant seeks enforcement of an order directing the plaintiff to pay child support.

Plaintiff wife and defendant husband were divorced on 15 December 1982. Custody of the two minor children of the marriage was originally with plaintiff but was transferred to defendant by a consent order entered by the court on 7 April 1983. On 2 May 1983, the court entered an order granting plaintiff visitation rights and directing plaintiff to pay monthly child support to defendant. The order contained the following findings of fact:

> That the plaintiff is regularly employed and earning $1,000.00 per month and is capable of contributing to the support of her children; that the older child, Thomas, is employed at Fisherman's Quarter and receives a net salary of approximately $55.00 per week, and in addition, drives a school bus which produces income of $85.00 per month; that from the child's earnings, he pays a car payment; that the defendant presented to the Court an expense affidavit and the Court finds that the defendant is in need of child support and the plaintiff is capable of paying support in the sum of One Hundred Twenty-Five Dollars ($125.00) per month for her minor children.

Plaintiff did not appeal from the 2 May 1983 order but on 28 October 1983 defendant filed a motion alleging non-compliance with the order and an arrearage of $485. The court, finding probable cause for contempt, issued an order directing plaintiff to appear and show cause why she should not be held in contempt.

The matter was heard on 11 January 1984. Plaintiff appeared and stipulated through her attorney that she was then $1,025.00 in arrears but presented no evidence and apparently made no argument. On 8 February 1984, the court entered an order containing certain findings of fact set out in the body of this opinion.

Based on its findings, the court found plaintiff in contempt and ordered her jailed by the Davie County Sheriff until she paid the arrearage and defendant's attorney fees of $150. Plaintiff appealed from this order.

*Brock and McClamrock, by Grady L. McClamrock, Jr., for plaintiff-appellant.*

*Powell and Yeager, by Lawrence J. Fine, for defendant-appellee.*

EAGLES, Judge.

Plaintiff first assigns error to the court's order on the basis that the evidence does not support the findings of fact and that the findings of fact do not support the conclusions of law. Specifically, plaintiff contends that there is no evidence to support the finding that plaintiff possessed the means to comply with the support order. She argues that this unsupported finding was error because *Coble v. Coble,* 300 N.C. 708, 268 S.E. 2d 185 (1980) requires that court orders in child support cases be supported by findings based on competent evidence. We disagree with her contention.

*Coble v. Coble, supra,* applies to actions to determine the amount of child support. When the court entered the 2 May 1983 order directing the payment of child support, it made the findings required by *Coble v. Coble, supra.* There was no appeal and those findings presumably were supported by competent evidence. Here, plaintiff does not contend that the findings in the 2 May 1983 child support order were not supported by competent evidence. Rather, she argues that those same findings must be made and supported in this proceeding to enforce the child support order. This argument is without merit.

[1] It is well established that in civil contempt proceedings to enforce orders for child support, the court is required to find only that the allegedly delinquent obligor has the means to comply

with the order and that he or she wilfully refused to do so. *E.g.,* *Fitch v. Fitch*, 26 N.C. App. 570, 216 S.E. 2d 734, *cert. denied,* 288 N.C. 240, 217 S.E. 2d 679 (1975); *Bennett v. Bennett*, 21 N.C. App. 390, 204 S.E. 2d 554 (1974). The court here made the following pertinent findings:

> 3. That since the entry of the aforesaid Order, the plaintiff has paid a total of $140.00 for the support and maintenance of the minor children born to the marriage and that the total arrearage which is due and owing under the terms of said Order is $1,025.00.

> 4. That the plaintiff has had the means with which to comply with the terms of the Order of May 2, 1983, each month since its entry.

> 5. That the plaintiff's expenses for her support are approximately the same now as on May 2, 1983, and that the plaintiff has had no extraordinary financial expenditures since that date.

Based on these findings, the court concluded that plaintiff was in contempt of court for failure to comply with the child support order.

[2] Though the findings are not explicit, it is clear that plaintiff both possessed the means to comply with the order and has wilfully refused to do so. While explicit findings are always preferable, they are not absolutely essential where the findings otherwise clearly indicate that a contempt order is warranted. *Medlin v. Medlin*, 64 N.C. App. 600, 307 S.E. 2d 591 (1983).

[3] Plaintiff's contention that the court's findings are not supported by evidence is likewise without merit. The statutes governing proceedings for civil contempt in child support cases clearly assign the burden of proof to the party alleged to be delinquent. Civil contempt proceedings are initiated by a party interested in enforcing the order by filing a motion in the cause. The motion must be based on a sworn statement or affidavit from which the court determines there is "probable cause to believe that there is civil contempt." G.S. 5A-23. The opposing party must then show cause why he should not be found in contempt. In a proceeding to enforce an order for child support, this would involve showing either that the alleged delinquent lacked the

means to pay or that the failure to pay was not wilful. *See generally*, Lee, *N.C. Family Law* Section 166 (1980).

The court here had already found probable cause to believe that there was civil contempt based on the verified allegations in defendant's motion. Plaintiff offered no evidence except a stipulation as to the amount of the arrearage. This was clearly not sufficient to refute the motion's allegations. Since plaintiff failed to carry her burden, the court was warranted in finding her in contempt. Plaintiff's contention that the evidence is not sufficient is without merit.

[4] Plaintiff contends that the evidence and findings supporting the award of attorney fees to defendant were insufficient. We disagree. In actions for support only, the court may award reasonable attorney fees to a party if it finds: (1) that the party is acting in good faith; (2) that the party has insufficient means to defray the costs of the action; and (3) that the party ordered to pay support had not provided adequate support under the circumstances existing at the time of the institution of the action or proceeding. *Gibson v. Gibson*, 68 N.C. App. 566, 316 S.E. 2d 99 (1984); *Quick v. Quick*, 67 N.C. App. 528, 313 S.E. 2d 233 (1984); G.S. 50-13.6.

The trial court made the following finding regarding defendant's attorney fees:

> 6. That the defendant's attorney has rendered further legal services to the defendant in this cause, in the preparation, filing and hearing of this Motion on behalf of the defendant and the minor children born to the marriage, and that the value of said services is $150.00.

Accordingly, the court concluded "[t]hat the defendant is entitled to an award from the plaintiff as attorney's fees." The other required findings are not so explicit. Nevertheless, the essential facts are evident in the court's order. There is no allegation and no evidence of bad faith on the part of defendant. From the terms of the 2 May 1983 order setting the amount of child support, plaintiff's stipulation in court that the arrearage was $1,025, and the absence of any evidence from plaintiff, we can properly infer that plaintiff had refused to provide adequate support under the circumstances existing at the time this action to enforce the support order was instituted by defendant.

Further, defendant alleged in his verified motion that he lacked sufficient means to pay the legal costs of the action. This allegation was not contradicted. The court, in concluding that defendant was "entitled" to attorney fees, necessarily found defendant's allegation to be true. We think that *Medlin v. Medlin, supra,* applies to awards of attorney fees so that explicit findings are not required where there is no conflicting evidence and the facts are obvious. Plaintiff's argument is without merit.

The order appealed from is

Affirmed.

Judges ARNOLD and PARKER concur.