JOHN T. COUNCIL, INC. v. BALFOUR PRODUCTS GROUP, INC.

Nos. 8414SC798, 8414SC799, 8414SC944

(Filed 21 May 1985)

**Rules of Civil Procedure § 58— time of entry of judgment**

Despite the trial judge's subsequently professed intent to enter an order discharging a receiver in open court on 28 November 1983, he failed to do so in accordance with G.S. 1A-1, Rule 58, par. 1 or par. 2 where the court directed the receiver to prepare an appropriate order, the court granted a request by defendant's attorney to have an opportunity to review the proposed order, defendant's attorney received further verbal assurances from the receiver's counsel that the proposed order would not be submitted to the court until 8 December 1983 so that he would have ample time to review it, and the clerk's minutes stated only that the receiver's motion to be discharged was allowed. The Court's order was entered according to G.S. 1A-1, Rule 58, par. 3 on 8 December 1983 when entry of the order was given to the clerk, the order was filed, and notice of its filing was mailed to all parties.

APPEAL by defendant from *Johnson, Judge*. Orders entered 8 December 1983 and 10 April 1984 in Superior Court, DURHAM County. Appeal by defendant from *McLelland, Judge*. Order entered 9 April 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 3 April 1985.

Defendant was placed in permanent receivership in July 1979. Claude V. Jones was appointed receiver pursuant to G.S. 55-125 and G.S. 55-127. On 18 November 1983 the receiver petitioned to be discharged from his duties. Over defendant's written objection the court heard and allowed the petition on 28 November 1983. The court directed the receiver to prepare an appropriate order. Defendant's attorney requested opportunity to review the order before entry, which the court granted. The receiver sent the proposed order to defendant's attorney on 1 December 1983. The receiver submitted the proposed order, and a second order allowing attorney fees to be paid out of receivership proceeds, to the court on 8 December 1983. Both orders were signed and, according to the language contained therein, entered on 8 December 1983. Eight days later, on 16 December 1983, defendant filed notice of appeal from both orders.

On 22 December 1983 the receiver moved to dismiss the appeal from the order discharging him for failure to give timely notice on the ground that "[t]he order and decision of the [c]ourt

made in [o]pen [c]ourt was entered on November 28, 1983." In support of his motion, on 18 January 1984 the receiver filed an affidavit signed by Judge Johnson, who had entered the order, which stated, *inter alia,*

> [M]y decision [was] that the Petition be allowed in its entirety, and it was my understanding and intent that such decision rendered and announced in open court at said time [i.e., 28 November 1983] was the entry of the order embodying my decision. I did not give any contrary directions or instructions to the Deputy Superior Court Clerk, who was in attendance at such hearing.
>
> . . . .
>
> My attention has been called to the language "Entered at Durham on this 8 Day of December, 1983" at the bottom of the Order just above my signature. I did not notice this language at the time the draft was received and signed by me, and it made no impression on me.

After a hearing to determine when the order discharging the receiver was entered for purposes of timely notice of appeal (i.e., within ten days after entry of the order, G.S. 1-279(c)), on 21 March 1984 Judge Johnson ordered that "the minutes of the Clerk of Superior Court . . . be and hereby constitute the date and time of the entry of the order which is in dispute." Those minutes were dated 28 November 1983 and stated only that the motion was allowed. On 27 March 1984 defendant moved for relief from the order of 21 March 1984, requesting that it be amended to reflect 8 December 1983 as the entry date of the order discharging the receiver. Defendant so moved on the grounds that the clerk's minutes do not purport to record entry of an order, they were made without instruction from the court, and they contain no findings of fact. Judge Johnson denied that motion on 10 April 1984, which denial is the subject of defendant's appeal in No. 8414SC944.

"[B]ased solely upon Judge Johnson's determination of the entry date as being November 28, 1983," Judge McLelland on 9 April 1984 granted the receiver's motion to dismiss the appeal from the order discharging him. Judge McLelland's 9 April 1984 order is the subject of defendant's appeal in No. 8414SC799.

The award of attorney fees from receivership proceeds is the subject of defendant's appeal in No. 8414SC798.

*Mount, White, King, Hutson and Carden, P.A., by Lillard H. Mount, for Claude V. Jones, Permanent Liquidating Receiver of Balfour Products Group, Inc., appellee.*

*Manning, Fulton and Skinner, by Howard E. Manning, Jr., and Charles E. Nichols, Jr., for defendant appellant.*

WHICHARD, Judge.

The issue governing the disposition of all three appeals is whether the court entered the order discharging the receiver in accordance with G.S. 1A-1, Rule 58 on 28 November 1983. We hold that it did not. We resolve this issue mindful that Rule 58 was designed to make the moment of entry of judgment easily identifiable and to give fair notice thereof to all parties. G.S. 1A-1, Rule 58, Comment; *Rivers v. Rivers*, 29 N.C. App. 172, 223 S.E. 2d 568, *cert. denied*, 290 N.C. 309, 225 S.E. 2d 829 (1976); *Barringer & Gaither, Inc. v. Whittenton*, 22 N.C. App. 316, 206 S.E. 2d 301 (1974).

The text of the rule reads as follows:

Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be

deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof. (1967, c. 954, s. 1.)

G.S. 1A-1, Rule 58. The rule undertakes to fix the time of entry in three situations: (1) where a verdict is returned or a decision is announced in open court granting recovery of a sum certain or costs or denying all relief; (2) where any other judgment is rendered in open court, upon direction of the judge; and (3) where any judgment is rendered other than in open court. Shuford, *North Carolina Civil Practice and Procedure* Sec. 58-3 (1981).

The first paragraph of Rule 58 clearly does not apply. The hearing on the petition to allow the receiver to be discharged did not result in (1) a jury verdict granting recovery of a sum certain or costs or denying all relief or (2) a decision by the judge in open court to like effect. Nor did the clerk "forthwith prepare, sign, and file the judgment without awaiting any direction by the judge." G.S. 1A-1, Rule 58, par. 1.

While not differentiating between the first and the second situations, *supra*, governed by Rule 58, the receiver argues that absent any contrary direction by the judge a notation in the clerk's minutes constitutes entry of judgment. This argument misconstrues both *Cochrane v. Sea Gate Inc.*, 42 N.C. App. 375, 256 S.E. 2d 504 (1979), on which the receiver relies, and the specific notation made by the clerk on 28 November 1983. The clerk's minutes read *in toto*:

John T. Council

vs

Balfour Products Group, Inc.

Motion for Approval of Final Accounting — allowed

Rec. paid balance to CSC,

(Hearing & discharge, Mr. Manning objections & exceptions)

Further, the deputy clerk who made this notation testified in her affidavit of 10 April 1984 as follows:

In accordance with my usual practice, I noted on the court-room calendar, which constitutes the official courtroom minutes, that the Motion of the Receiver was allowed. I did not make any notation that the order had been "entered" because I was not instructed to by Judge Johnson and I did not hear Judge Johnson announce in open court that any order was to be entered.

The testimony of the clerk, moreover, was corroborated in affidavits of two disinterested attorneys present in court during the 28 November 1983 hearing.

In *Cochrane*, 42 N.C. App. 375, 256 S.E. 2d 504, in contrast to the situation here,

entry of judgment was made on 13 March 1978 when the trial judge, in open court and in the presence of counsel for both parties rendered summary judgment for defendant, and the clerk, in the absence of any contrary direction by the judge, made a notation of such decision in the court minutes.

*Cochrane*, 42 N.C. App. at 377, 256 S.E. 2d at 505.

The situation here is similar to that in *Fitch v. Fitch*, 26 N.C. App. 570, 216 S.E. 2d 734, *cert. denied*, 288 N.C. 240, 217 S.E. 2d 679 (1975), rather than to that in *Cochrane*. In *Fitch* on 29 January 1975 at the conclusion of the evidence the court instructed counsel for plaintiff to prepare an order containing findings of fact which he verbally suggested. On 31 January 1975 a written order signed by the judge was entered. On appeal defendant contended the court erred in that the written order differed from the instructions for the proposed order given in open court. The Court found no error and stated,

In our opinion no judgment was 'rendered' . . . until 31 January 1975. (Citation omitted.) On 29 January 1975 the trial court *merely instructed the plaintiff's attorney to prepare an order* . . . . We conclude judgment was not in fact rendered until the entry of the order of 31 January 1975, which both parties agree was properly signed by the judge and entered. (Emphasis supplied.)

*Id.* at 575, 216 S.E. 2d at 736-37.

We find that on 28 November 1983 the court "merely instructed," *id.*, the receiver to prepare an appropriate order. Defendant's attorney requested and received opportunity to review the proposed order. He received further verbal assurances from receiver's counsel that the proposed order would not be submitted to the court until 8 December 1983 so that he would have ample time to review it. Thus, despite Judge Johnson's subsequently professed intent to enter the order discharging the receiver in open court on 28 November 1983, he failed to do so in accordance with G.S. 1A-1, Rule 58, par. 1 or par. 2. On the date of the hearing such intent was not announced to counsel, communicated to the clerk, or reflected in the clerk's minutes as a notation of entry of judgment.

We therefore hold that the order was entered and notice given according to G.S. 1A-1, Rule 58, par. 3 on 8 December 1983, when entry of the order was given to the clerk, the order filed, and notice of its filing mailed to all parties. We thus reverse Judge McLelland's order of 9 April 1984 allowing the motion to dismiss defendant's appeal of the order discharging the receiver. This is appeal No. 8414SC799. We vacate as inconsistent with our opinion herein Judge Johnson's order of 10 April 1984 denying defendant's request to amend the order of 22 March 1984 to reflect 8 December 1984 as the date of entry of the order allowing the receiver's discharge. This is appeal No. 8414SC944. Given our disposition in appeal No. 8414SC799, we dismiss as interlocutory and thus premature the appeal from the order of 8 December 1983 awarding attorney's fees from receivership proceeds; the appeal of that order should be brought forward as part of the appeal from the order discharging the receiver. This is appeal No. 8414SC798.

For purposes of the appeal to which we herein hold defendant entitled, defendant shall cause the record on appeal to be settled and certified as provided in Rule 11 of the Rules of Appellate Procedure, the appeal being considered as taken on the date of certification of this opinion.

In No. 8414SC799, reversed.

In No. 8414SC944, order vacated.

In No. 8414SC798, dismissed.

Judges JOHNSON and EAGLES concur.