HUGH FRAZIER WILLIAMS, JR. v. JULIE HENDERSON WILLIAMS

No. 8825DC111

(Filed 4 October 1988)

1. **Divorce and Alimony § 25.9— child custody—change of prior order—sufficiency of evidence of changed circumstances**

In a proceeding for a change in child custody where there were allegations that defendant's boyfriend, who later became her husband, had sexually

abused the child, there was no merit to plaintiff's contention that the trial court, by ignoring the concerns reflected in prior custody orders restricting the boyfriend's presence around the child, exceeded its authority and issued an invalid order which placed custody with defendant for ten months of the year, since the prior orders were modifiable upon appropriate evidence of changed circumstances; the court found as changed circumstances defendant's marriage to her boyfriend and the child's recurring cases of vaginitis, which it concluded showed poor hygiene and supervision; and it found these circumstances sufficient to remove all restrictions imposed by prior orders on the boyfriend's presence around the child.

**2. Divorce and Alimony § 25.9— child custody—sexual abuse alleged—failure to make findings about child's statements—no error**

The trial court in a child custody proceeding did not err in failing to resolve whether or why statements were made by the child concerning painful sexual contact with a man named "Rod," the same name as that of defendant's boyfriend, since the trial court was not required to make findings of fact on every issue presented by the evidence, but was required to and did find enough material facts to support its judgment.

**3. Evidence § 33; Divorce and Alimony § 25.9— change of child custody—sexual abuse of child—hearsay testimony not prejudicial**

Because both parties in this child custody proceeding presented a considerable amount of conflicting evidence regarding alleged sexual abuse of the child, the admission of testimony that the Burke County Department of Social Services conducted an investigation and "unsubstantiated" the charges was not prejudicial, even if the testimony did have characteristics of hearsay.

**4. Evidence § 33.2— child examined by psychiatrist—examinations not made in preparation for trial—testimony as to child's statements admissible**

Where the parties' child was examined seven times by an expert in child psychiatry, statements made to the doctor by the child were admissible under the medical diagnosis and treatment exception to the hearsay rule where the record was insufficient to support defendant's contention that the examinations were conducted only for the purpose of trial. N.C.G.S. § 8C-1, Rule 803(4) (1986).

APPEAL by plaintiff from *Davis, Robert M., Sr., Judge.* Order entered 21 September 1987 in BURKE County District Court. Heard in the Court of Appeals 29 August 1988.

This appeal arises from an order granting custody of a minor child to defendant for ten months of each year. Plaintiff and defendant were married on 9 August 1980. Their child was born on 13 January 1984. The couple separated on 14 September 1985 and executed a separation agreement which gave them joint

custody of the child. Defendant received an absolute divorce from plaintiff on 29 December 1986.

On 14 June 1986 plaintiff filed a complaint alleging that changed circumstances warranted placing custody in him; namely, defendant was cohabitating with a man named Rod Realon in the child's presence. The trial court (Judge Vernon presiding) entered an order on 14 June 1986 placing temporary custody in plaintiff. On 18 July 1986 Judge Green entered an interim order allowing overnight visitation with defendant with the stipulation that no male be present unless he was related to the child. On 17 October 1986 the trial court (Judge Vernon presiding) entered an order awarding custody to defendant and directing that no male not related to the child spend the night with the parent who had the child.

Plaintiff filed a motion on 10 November 1986 alleging that the child had been sexually abused. The trial court (Judge Kincaid presiding) awarded custody to plaintiff on 10 November 1986. Custody was returned to defendant on 24 November 1986 pursuant to Judge Vernon's order of 17 October 1986, but this order further directed that Realon have no contact with the child.

Defendant married Realon on 30 January 1987, and he moved into her residence, in violation of the 24 November 1986 order. The parties agreed for their motions regarding custody to be heard by a special out-of-district judge. On 21 September 1987, the trial court (Judge Davis presiding) awarded custody to plaintiff from 15 June until 15 August of each year, and to the defendant for the remaining time. It removed restrictions on Realon's presence around the child, finding, as a changed circumstance, his marriage to defendant. The trial court further found that the evidence was insufficient to show that the child had been sexually abused. At most, it concluded, the evidence indicated that she had vaginitis caused by poor hygiene.

*Tharrington, Smith & Hargrove, by Roger W. Smith, Wade M. Smith, and Melissa H. Hill, for plaintiff-appellant.*

*Cecil Lee Porter for defendant-appellee.*

WELLS, Judge.

[1] Plaintiff contends that because the trial court ignored the concerns reflected in prior custody orders restricting Realon's presence around the child when it issued the order of 21 September 1987, it exceeded its authority and the order is not valid. We disagree. Although they provide guidance, prior custody orders are not binding in subsequent proceedings. Custody orders are not permanent, but remain freely modifiable upon appropriate evidence of changed circumstances. N.C. Gen. Stat. § 50-13.7 (1987); *Stanback v. Stanback*, 266 N.C. 72, 145 S.E. 2d 332 (1965); *Best v. Best*, 81 N.C. App. 337, 344 S.E. 2d 363 (1986).

The trial court found as changed circumstances defendant's marriage to Realon and the child's recurring cases of vaginitis, which it concluded showed poor hygiene and supervision. It found these circumstances sufficient to remove all restrictions imposed by prior orders on Realon's presence around the child, and awarded custody to defendant. Although these circumstances also might have led the court to award custody to plaintiff, given the evidence of possible sexual abuse, on appeal we cannot substitute our judgment for that of the trial court. In this discretionary matter, appellate review is confined to determining whether the trial court clearly abused its discretion. *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). Evidence in the Record supports the court's finding that the child was never abused, so we cannot say that its decision to award custody to defendant and remove all restrictions on Realon was unsupported by reason. *See Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58 (1980). These assignments are overruled.

[2] Plaintiff also assigns as error the trial court's failure to address his evidence of the child's numerous statements regarding painful contact with a man named "Rod." Plaintiff's evidence tended to show that the two-year-old child told plaintiff in early April and again in late April or early May of 1986 that "Rod hurt [her] bottom"; that on another occasion she made a cylindrical object with balls on the end and described it as "Rod's pee pee"; and that she complained on several other occasions to her father and to others, including a psychologist, about Rod having hurt her bottom, either with his finger, or with his "toy." The psychologist, Dr. Gallaway, concluded from his conversations with the child

that she had been sexually abused. The court-appointed physician who examined the child testified, however, that she could have been coached to make the statements.

The trial court did not resolve the question of whether or why these statements were made, and we are concerned by the lack of factual findings on this issue. The trial court is not required, however, to make findings of fact on every issue presented by the evidence, *In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971), but is only required to find enough material facts to support its judgment. *Medlin v. Medlin,* 64 N.C. App. 600, 307 S.E. 2d 591 (1983). This assignment is overruled.

[3] A witness from the Burke County Department of Social Services testified that following an investigation into the alleged sexual abuse of the child, the Department "unsubstantiated" the charges. Plaintiff characterizes this testimony as inadmissible hearsay. While we agree that the testimony has characteristics of hearsay under the North Carolina Rules of Evidence, *see* N.C. Gen. Stat. § 8C-1, Rule 802 (1986), we hold that its admission was not prejudicial. "'The admission of incompetent testimony will not be held prejudicial when its import is abundantly established by other competent testimony, or the testimony is merely cumulative or corroborative.'" *In re Peirce,* 53 N.C. App. 373, 281 S.E. 2d 198 (1981) (*quoting Board of Education v. Lamm,* 276 N.C. 487, 173 S.E. 2d 281 (1970)). Because both plaintiff and defendant presented a considerable amount of conflicting evidence regarding the alleged sexual abuse, we conclude that the admission of this testimony was not prejudicial. This assignment is overruled.

Pursuant to a court order the child was examined by Dr. Riddle, an expert in child psychiatry, on seven occasions between 14 January 1987 and 27 June 1987. He concluded that she was never abused.

[4] Plaintiff's final assignment of error concerns Dr. Riddle's testimony, in which he repeated statements made to him by the child during his examinations. Statements made for the purpose of medical diagnosis and treatment, because of their inherent reliability, are admissible under an exception to the hearsay rule. N.C. Gen. Stat. § 8C-1, Rule 803(4) (1986); *State v. Oliver,* 85 N.C. App. 1, 354 S.E. 2d 527, *disc. rev. denied,* 320 N.C. 174, 358 S.E. 2d 65 (1987). Statements made to a physician in preparation for trial,

however, are considered to be less reliable and are inadmissible hearsay. *State v. Stafford,* 317 N.C. 568, 346 S.E. 2d 463 (1986).

On direct examination Dr. Riddle stated that defendant took the child to him for purposes of "evaluation, diagnosis, if I came to any, and to provide whatever treatment that might be indicated." (Tp. 636.) Dr. Riddle testified on cross-examination that defendant also discussed the approaching trial with him. Although their conversation indicates some interest with the trial, the Record is insufficient to support plaintiff's contention that Dr. Riddle's examinations were conducted only for the purpose of trial. This assignment is overruled.

Allegations and evidence of child abuse require serious evaluation. The trial court's rather conclusory findings on this gravely important issue are troubling, but we cannot reverse its order simply because we might have reached a different result on conflicting evidence. *Best, supra.*

For the reasons stated, the order of the trial court is

Affirmed.

Judges BECTON and PHILLIPS concur.